# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY ZAVALA, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. SA-11-CV-956-XR |
| M&T TRUST COMPANY AS TRUSTEE FOR THE HOLDERS OF SECURITIZATION SERIRES 1997-1, | § | |
| *Defendant*, | § | |

## ORDER

On this date, the Court considered Plaintiff Johnny Zavala's motion to remand (docket no. 4) and the response thereto. After careful consideration, the Court will deny the motion.

## Background

Defendant M&T Trust Company ("M&T") removed this case to this Court on November 14, 2011. Plaintiff's state-court pleading, entitled "Plaintiff's Original Petition and Application for Ex-Parte Restraining Order and Temporary Injunction," states that this "is an action for wrongful collection practices and wrongful foreclosure, or attempted wrongful foreclosure." Plaintiff alleges that he is the owner of certain real property located at 130 Peaceful Lane in San Antonio. Plaintiff alleges that he and Defendant were working to determine the amount properly due on the loan to achieve a reinstatement or payoff of the subject loan; that Plaintiff has not been provided an adequate accounting of all amounts paid and charged against the loan or has not had adequate time to review the same, if provided; that Defendant has failed to account for or credit all payments made; that Defendant has failed to provide reinstatement amounts or other related information or has failed to

1

provide payoff amounts or other related information; that Defendant has failed to account for and credit all payments made by Plaintiff and has failed to and continues to refuse to accept other payments, and has made improper and unauthorized charges against Plaintiff's account; that Defendant has failed to produce an accounting of all credits and charges pertaining to Plaintiff's account; that Plaintiff has a substantial interest in the property and Defendant has failed to make reasonable efforts to work with Plaintiff to save the property; that Defendant has failed to provide required notices for foreclosure, and that Plaintiff denies any alleged default and that there is any proper basis for foreclosure; and that Plaintiff has attempted to make most, if not all, the required payments in good faith, and that Plaintiff disputes any amounts alleged to be due. Plaintiff requests that, in the event the Court finds that there is a default, the Court determine what amounts and fees may be due. Plaintiff does not specify any governing causes of action, but seeks a temporary restraining order preventing Defendant from taking any action adverse to Plaintiff's title and use of the property, such as foreclosure or eviction, as well as attorney's fees. The only named parties in the petition are Plaintiff Zavala and Defendant M&T. No other parties are listed in the heading (though it does list the Defendant as M&T Trust "et al.") or are mentioned in the body of the pleading.

Plaintiff timely filed the instant motion to remand, arguing that diversity jurisdiction is lacking because the parties are not diverse. Plaintiff also asks the Court to abstain and remand the case. Defendant has responded, arguing that the diversity requirements are satisfied.

**Analysis**

**A. Amount in Controversy**

Where injunctive relief is sought with regard to real property, the value of the real property determines the amount in controversy. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

2

Defendant refers to the county tax appraiser's appraisal, which values the property at $108,130.00. Thus, the amount in controversy exceeds $75,000.

**B. Diversity of Citizenship**

With regard to diversity of citizenship, Plaintiff argues that M&T "claims not to be a resident of Texas," but "it is clearly doing business in Texas and has a substantial presence in the state." Plaintiff further argues that "there are other unnamed parties-Defendant, who appeared herein and are Texas residents; viz., the substitute trustee and attorneys, all of whom were necessarily served with notice of the TRO to prevent Plaintiff's loss of his homestead." Plaintiff asserts that "these parties are not named because it is a standard industry practice to appoint multiple persons to foreclose on deeds of trust" and "without these Defendants, complete equitable relief cannot be obtained" such that "they are not merely nominal or formal parties."

The Court notes that the fact that M&T does business in the state or has a presence here is not the relevant consideration for purposes of diversity jurisdiction. Rather, the Court must look to the citizenship of the parties, not whether they would be subject to personal jurisdiction in Texas, as Plaintiff seems to suggest. In response to the Court's show cause order, M&T clarified its citizenship as being a corporation organized under the laws of Delaware and with its principal place of business in New York. Thus, it is a citizen of Delaware and New York, and not of Texas. 28 U.S.C. § 1332(c) ("For the purposes of this section and section 1441 of this title--(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."). Plaintiff is a citizen of Texas, and thus Plaintiff and Defendant are diverse.

With regard to the substitute trustee and other unnamed parties, the existence of unnamed and unjoined parties does not affect diversity jurisdiction. Even if the substitute trustee were a party, it

3

would be a nominal party whose presence would be disregarded for determining diversity. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980) (a nominal party is disregarded for purposes of determining diversity jurisdiction). Whether a party is "nominal" for jurisdiction purposes depends on "whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Id.* (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir . 1970)).

The Fifth Circuit has stated that, "[t]o establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). Plaintiff does not allege any facts that suggest that a claim is being asserted directly against the substitute trustee based on misconduct by the substitute trustee. Rather, Plaintiff appears to concede that the substitute trustee would be a party only to obtain injunctive relief preventing the sale. But Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure. Section 51.007 provides in part:

> § 51.007. Trustee Under Deed of Trust, Contract Lien or Security Instrument
>
> (a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.
>
> . . .
>
> (c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without

prejudice.

(d) If a respondent files a timely verified response to the trustee's verified denial, the matter shall be set for hearing. The court shall dismiss the trustee from the suit or proceeding without prejudice if the court determines that the trustee is not a necessary party.

(e) *A dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale.*

TEX. PROP. CODE § 51.007 (emphasis added). Thus, the substitute trustee is not a necessary party for Plaintiff to obtain the injunctive relief he seeks. *See Marsh*, 760 F. Supp. 2d at 709; *see also Gregory v. S. Tex. Lumber Co.*, 216 S.W. 420, 421 (Tex. Civ. App.–San Antonio 1919, writ dism'd w.o.j.) (substitute trustee is a nominal party in foreclosure).

Plaintiff's further request for the Court to abstain, coupled with a citation to *Burford* and *Thibodaux*, is denied. Plaintiff has not adequately briefed the application of these abstention doctrines and has therefore waived them. In any event, abstention is not warranted.

## Conclusion

Plaintiff's Motion to Remand (docket no. 4) is DENIED.

SIGNED this 22nd day of December, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE